## THE ALICE BLANCHARD.

(District Court, N. D. California. February 17, 1899.)

### No. 11,777.

SEAMEN—CONSTRUCTION OF SHIPPING ARTICLES—TIME OF REPORTING FOR DUTY.
  Shipping articles, which required a seaman to report on board on a day named, but specified no hour, are to be construed most favorably to the seaman; and where he reported for duty on the day named, several hours before the time fixed for the vessel to sail, he will be held to have complied with the contract. The fact that, after the articles were signed, the master told him verbally to report at an earlier hour, cannot affect the construction of the contract.

This was a libel by J. Downs against the steamer Alice Blanchard to recover damages for an alleged breach of a contract of employment as cook.

D. T. Sullivan, for libelant.
Edward J. Pringle, Jr., for respondent.

DE HAVEN, District Judge. The libelant signed articles to serve as a cook on the steamer Alice Blanchard, bound on a voyage from San Francisco to Clipperton Island, off the coast of Mexico, and thence to San Diego, Cal., and on two other voyages between San Diego and Clipperton Island, and upon their completion to return to the port of San Francisco. The articles provided that he was to present himself on board of the steamer, for service, on June 29, 1898, but at what hour was not stated. The oral evidence tends to show that after the articles were signed he was told by the captain to be on board on the morning of that day in time to cook breakfast. The libelant replied that he might not be able to come so early, and he did not in fact go on board the steamer until between the hours of 12 and 1 o'clock of the day named. The captain was then on shore, and did not return to the steamer until late in the afternoon, when he refused to accept

the services of the libelant, and compelled him to go ashore. The steamer left San Francisco at 8 o'clock p. m. of that day, the hour appointed for her departure. The libelant claims that he was wrongfully discharged, and seeks in this action to recover damages therefor. The contention of the claimant is that the libelant was in fault in not going on board the steamer on the morning of the day upon which he was to commence work, and that he thereby forfeited his right to proceed upon the voyages for which he had shipped.

Section 4511 of the United States Revised Statutes furnishes the rule to be observed in the shipment of crews on vessels bound from the United States to foreign ports not therein excepted, and also for the shipment of crews on vessels engaged in trade between the United States and Mexico (26 Stat. 320), and is applicable to a vessel bound on the voyages named in the shipping articles signed by the libelant. That section provides that a master, before proceeding upon any of the voyages covered by its provisions, must make an agreement in writing with each member of the crew, and that such agreement shall specify, among other matters, "the time at which each seaman is to be on board to begin work." As before stated, the shipping articles signed by the libelant did not specify the precise hour of the day at which he was to be on board to commence work,—whether on the first minute of that day, or at the hour of 5, 6, 7, or 8 o'clock a. m., or any other particular hour. Upon the part of the claimant it is argued that the articles should be construed as requiring the libelant to be on board, ready for work, at the usual hour for the commencement of work on the morning of the day named therein; while the libelant insists that in reporting himself ready for service on the day named in the articles, and several hours before the time appointed for the steamer to proceed on her voyage, he substantially complied with his agreement. It is apparent that neither contention is clearly unreasonable, and much can be said in favor of both. In such a case it is the duty of the court to adopt that construction of the shipping articles which is most favorable to the seaman. Goodrich v. The Domingo, 1 Sawy. 182, Fed. Cas. No. 5,543; Jansen v. The Theodor Heinrich, Crabbe, 226, Fed. Cas. No. 7,215; The Disco, 2 Sawy. 474, Fed. Cas. No. 3,922. The duty of putting the written agreement with seamen in plain and unambiguous language is one which devolves upon the shipowner or master; or, to state the rule in the language of Deady, J., in delivering the opinion in The Disco, above cited: "Shipmasters and owners have ample means and facilities for putting their contracts with seamen in plain language; and so the law, both in Great Britain and America, intends and requires." If it is the desire of the owner or master to have the seaman to become bound to go on board to begin work at some particular hour of a day named, the shipping articles should so state. If, through negligence or design, the articles executed do not make such special provision, the court is not authorized by construction to supply such omission, and hold that a seaman who reports himself ready for duty on the day named in the articles, and several hours before the time appointed for the departure of the vessel, has forfeited his rights under the articles because he did not appear at an earlier hour of

the day. In my opinion, the libelant substantially complied with his agreement in tendering his services on the day named in the articles signed by him, and the master was not justified in refusing to allow him to go to work. The fact that the master, after the articles were signed, directed him to be on board the steamer in the morning in time to cook breakfast, cannot be allowed to change the legal effect of the articles; that is to say, the articles cannot be read as if such direction of the master were written therein. The libelant was to receive $50 per month as wages, and under section 4527 of the United States Revised Statutes he is entitled to recover in this action a sum equal to the amount agreed to be paid him as wages for one month, and costs of suit. So ordered.